IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LARRY HARRIS,**

    **Plaintiff,**

vs.

    Case No. C2-05-382
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Norah McCann King

**GEICO INDEMNITY CO.,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant GEICO Indemnity Company's Motion to Dismiss. For the reasons that follow, the Motion is granted.

**I.**

On or about May 24, 2002, Plaintiff, Larry Harris ("Harris"), a West Virginia resident, was involved in a motor vehicle accident in Belmont County, Ohio with Anthony Novak ("Novak"), an Ohio resident. Defendant, GEICO Indemnity Company ("GEICO" or "Defendant"), a Maryland corporation, insured Novak and his motor vehicle under an Ohio policy of insurance, Policy No. LS55210. Plaintiff alleges that he sustained personal injuries from the motor vehicle collision.

Following the accident, GEICO contacted Plaintiff Harris at his residence in West Virginia to attempt to resolve his claim for personal injuries resulting from the motor vehicle accident. GEICO also corresponded with Harris and his attorney to obtain authorization to secure his medical records and other information about his claim.

On April 12, 2004, Harris filed a civil action against Novak in the Common Pleas Court of Belmont County, Ohio for injuries allegedly sustained in the May 24, 2002 accident, Case No. 04-CV-0147. The parties attempted to settle the matter. After a series of offers and rejections, the parties reached a final compromise on July 1, 2004, only after the law suit was filed, in the amount of $20,000.00. This resolution resulted in an Agreed Entry of Dismissal in the Belmont County action between Harris and Novak on August 31, 2004.

Plaintiff filed the instant action against GEICO on or about August 30, 2004, in the Circuit Court of Ohio County, West Virginia. The Complaint against GEICO asserts a claim for bad-faith in violation of the West Virginia Unfair Trade Practices Act, and in particular the Unfair Claims Settlement Practices provisions, W.Va Code § 33-11-4(9). Plaintiff alleges that GEICO was only willing to offer a fair and equitable settlement when it was faced with defending a lawsuit, failed to conduct a reasonable investigation of the claim, and unduly delayed in resolving the matter.

GEICO removed the case from the West Virginia state court to the United States District Court for the Northern District of West Virginia on the basis of federal diversity jurisdiction, 28 U.S.C. § 1332. GEICO argued that the only connection that this case had to the State of West Virginia was that Plaintiff Harris resided there. On October 15, 2004, GEICO filed a Motion to Change Venue and/or Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment seeking to transfer the venue of this matter to this Court pursuant to 28 U.S.C. § 1404(a). On April 8, 2005, the United States District Court for the Northern District of West Virginia, in its discretion, granted GEICO's Motion to Transfer Venue and transferred the case to this district and division.

GEICO now moves this Court to dismiss Plaintiff's Complaint in its entirety because Plaintiff's causes of action fail to state a claim upon which relief may be granted.

## II.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant, by motion, to raise the defense of a plaintiff's "failure to state a claim upon which relief can be granted." A motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) "should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). The Court is authorized to grant a motion to dismiss under 12(b)(6) only where it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Schuer v. Rhodes,* 416 U.S. 232, 236 (1974); *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While the Court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the fact alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

## III.

Plaintiff seeks to assert a claim for alleged violations under West Virginia Unfair Trades Practices Act ("WVUTPA"), W.Va. Code § 33-11-4(9). Defendant asserts that it is entitled to dismissal of Plaintiff's claim, because West Virginia law is inapplicable to Plaintiff's claims and Ohio does not recognize a similar private cause of action.

A federal court exercising diversity jurisdiction must apply the substantive law of the state in which it sits, including the state's choice-of-law rules. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938); *Klaxon Co. v. Stentor Elec. Mfg. Co., Inc.*, 313 U.S. 487, 496 (1941) (determining that forum state's choice-of-law rules are substantive). When a lawsuit is transferred from one federal court to another pursuant to 28 U.S.C. § 1404(a), however, the transferee court should apply the substantive law, including the choice-of-law rules, that the transferor court would have applied. *Van Dusen v. Barrack*, 376 U.S. 612, 632-37 (1964). The purpose of the *Van Dusen* rule is to ensure that application of 28 U.S.C. § 1404(a) "does not enable a party to utilize a transfer to achieve a result in federal court which could not have been achieved in the courts of the State where the action was filed." *Id.* at 638. Instead, "[a] change of venue under 1404(a) generally should be, with respect to state law, but a change of courtrooms." *Id.* at 639.

GEICO contends that the first issue before the Court is which state's law governs Plaintiff's claim. The *Van Dusen* rule dictates that the substantive law of West Virginia, including its conflicts of law rules, applies. Thus, the first task of this Court under a West Virginia conflict of laws analysis is to assess what law will govern Plaintiff's claims for bad faith in the settlement of his insurance claim.

WVUTPA "can be characterized as part-contract and part-tort: part-contract because such claims do not arise in the absence of an insurance contract and part-tort because such claims can be brought by third parties and result in awards of tort-like damages." *Pen Coal Corp. v. William H. McGee and Co., Inc.*, 903 F. Supp. 980, 983 (S.D.W. Va. 1995). The courts of West Virginia, however, are split as whether to proceed under a contract or tort choice of law analysis. A district court in West Virginia, for the purpose of choice of law analysis, characterized bad-faith claims

-4-

under the WVUTPA as contract claims. *See Pen Coal Corp.*, 903 F. Supp. at 983. The Fourth Circuit, however, in an unpublished decision, characterized claims brought under WVUTPA as tort claims. *Yost v. Travelers Ins. Co.*, Case No. 98-1790, 1999 WL 409670 *3 n.4 (4th Cir. June 21, 1999)(unreported) (citing *Poling v. Motorists Mutual Ins. Co.*, 192 W.Va. 46, 450 S.E.2d 635, 638 (1994)).

In *Yost*, the plaintiffs were residents of Ohio who sued the Pennsylvania owner of an automobile after an accident in West Virginia. They also sued Travelers Insurance, a Connecticut corporation, alleging violations of the WVUTPA. Travelers handled the claim from an office in Pennsylvania. The Fourth Circuit found that Pennsylvania had the strongest ties to the case and therefore that Pennsylvania insurance laws applied. Having concluded that a violation of the West Virginia Unfair Trade Practices Act is a tort, the court engaged in a detailed analysis of the Restatement (Second) of Conflict of Laws § 145 (1971)(regarding rights and liabilities of parties with respect to an issue of tort)[1] and the Choice-of-Law Principles, generally, in the Restatement (Second) of Conflict of Laws, § 6 (1971) to determine which state forum had the most significant

---

[1] Section 145 provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
    (a) the place where the injury occurred,
    (b) the place where the conduct causing the injury occurred,
    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
    (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971).

relationship to the underlying occurrence.[2] The Fourth Circuit recognized that WVUTPA is designed to protect the citizens of the State of West Virginia, but noted Pennsylvania and, more notably, Ohio also prohibit bad-faith conduct by insurers. The court nonetheless concluded that Pennsylvania had the most significant relationship to the occurrence at issue. *Yost*, 1999 WL 409670 at *3-4.

Rather than repeat the analysis of the Fourth Circuit herein, the Court adopts it, in full. As the Court of Appeals for the Fourth Circuit found, the factors of Section 145 relating to the parties' contacts in the various interested forums yielded a "mixed bag," pointing to no one particular state. Here, a similar result ensues: the place where the injury occurred (Harris suffered harm from the delay of his settlement in West Virginia); the place where the conduct causing the injury occurred (GEICO adjusted the claim in Maryland and directed its actions from there); the domicile of the parties (GEICO does business nationwide; Harris is a West Virginia citizen); and the place where the relationship between the parties is centered (the accident occurred in Ohio, the original law suit was brought in Ohio, the insurance contract from which Harris derives his bad faith claim was negotiated, endorsed and entered into in Ohio with an Ohio resident). These interests suggest that

---

[2] Section 6, in turn, provides with respect to general Choice-of-Law Principles:

(1)  A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
(2)  When there is no such directive, the factors relevant to the choice of the applicable rule of law include
 (a) the needs of the interstate and international systems,
 (b) the relevant policies of the forum,
 (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
 (d) the protection of justified expectations,
 (e) the basic policies underlying the particular field of law,
 (f) certainty, predictability and uniformity of result, and
 (g) ease in the determination and application of the law to be applied.

Id. § 6.

Ohio has a stronger, more significant relationship to the occurrence.

The Restatement also calls upon the Court to weigh the relative policies and interests of the states. In that regard, both West Virginia and Ohio seek to protect their citizens from certain prohibited conduct by insurance companies. Both states prohibit bad-faith conduct by insurers. The states differ as to who may have access to the courts. In West Virginia, the WVUTPA provides a private right of action for third-parties. *Mihandy v. Allstate Ins.*, 1998 WL 372630 *1 n.1 (4th Cir. June 1, 1998)(unreported)("A private cause of action exists under UCSPA for both insureds and third-parties." (collecting cases).) In Ohio, only the Superintendent of Insurance may bring a case against an insurance company under Ohio Administrative Code § 3901-1-07. *Strack v. Westfield Cos.*, 33 Ohio App. 3d 336, 515 N.E.2d 1005 (Ohio 9th Dist. Ct. App. 1986).

Here, the broad factors of Section 2 of the Restatement weigh in favor of applying Ohio law. GEICO is involved in this case solely on account of a contract of insurance with an Ohio resident. Plaintiff Harris drove his automobile into Ohio; the accident occurred in the State of Ohio. The parties litigated and settled a law suit that Plaintiff Harris filed in an Ohio court. The very existence of Harris' bad faith claim depends on the insurance contract which is governed by Ohio law. The sole interest of West Virginia in this case is that one of its citizens was involved in an accident, albeit in the State of Ohio. Yet, as discussed above, both Ohio and West Virginia protect the interests of consumers of insurance.

Because the facts of this case and *Yost* are nearly indistinguishable, the Court is persuaded West Virginia would determine that, if a violation of WVUTPA is considered a tort, then Ohio law applies. For the same reasons, if a violation of WVUTPA is considered a contract, Ohio law would apply because Ohio has the most significant relationship to the occurrence. *See Pen Coal Corp.*, 903

F. Supp. 983-84 (applying Restatement § 2 factors to WVUTPA claim under a contract analysis); *see also Ferrell v. Grange Ins.*, 354 F. Supp. 2d 675 (S.D. W. Va. 2005)(applying West Virginia law to state Unfair Trade Practices Act where West Virginia was location where conduct and injuries occurred and plaintiff alleged conspiracy between insurance companies to interfere with a West Virginia contract such that West Virginia had stronger interest than Ohio, where accident occurred).

Having determined that the law of Ohio applies, the Court turns next to the merits of Defendant GEICO's Motion to Dismiss. GEICO contends that the claims against it must be dismissed because Ohio law does not recognize a private cause of action by a third-party beneficiary to an insurance contract for unfair settlement practices. The Court agrees.

Ohio Rev. Code §§ 3901.20 and 3901.21, and Ohio Administrative Code § 3901-1-07 prohibit unfair or deceptive trade practices in the insurance industry. Neither the statutes nor the administrative code, however, creates an implied private cause of action in favor of insureds. *Strack v. Westfield Companies,* 33 Ohio App.3d 336, 515 N.E.2d 1005 (Ohio 9th Dist. Ct. App. 1986). In Ohio, the civil and administrative codes empower the Department of Insurance to determine what insurance practices are unfair or deceptive. *Id.* at 338-39, 515 N.E.2d at 1008. As such, Plaintiff Harris cannot maintain a private third-party action against GEICO under these circumstances.

Accordingly, Plaintiff has failed to state a claim under Ohio law for which relief may be granted. Defendant's Motion is therefore **GRANTED**.

### IV.

For the foregoing reasons, the Motion to Dismiss filed by Defendant, GEICO Indemnity Company (Doc. #25) is **GRANTED**. The Clerk is directed to enter judgment in favor GEICO and to remove this case from the Court's active cases and motions list.

## IT IS SO ORDERED.

<u>   3-27-2006   </u>
**DATED**

<u>   /s/ Edmund A. Sargus, Jr.   </u>
**EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE**